Judge Owsi.ey
delivered the opinion.
This was an ejectment brought against Taylor and al. in the circuit court, by Hite, to recover the possession of a tract of land, the title whereof he asserts under a patent for luliO acres which issued to Isaac Hite, dec.
A special verdict was found by the jury in that court; and the court supposing that, from the facts found, the plaintiff had failed to she v any title to the land in contest, rendered judgment on the verdict in bar of his action.
A power givír'n to i'.x-ecutors to sett lands heid by the testator ⅛ partnership with others, does no1 au-thorise them to- sell land held by the testator individually.
Hardin for plaintiff in error.
From the special verdict it appears, that the plaintiff at* tempted to deduce title to the land through a deed of con* veyance made by the executors named in the will of the patentee, Isaac Hite, dec,; but there is no fact, found by the jury, from which any power in the executors, to sell and convey the land in contest, Can be inferred. The will empowers the executors to sell and convey any lands held by the testator in partnership with Abraham Hite, jun. Joseph Hite, and the representatives of Abraham Hite, dec.; but it no where appears from ihe special verdict, that in point of fact the land in contest composes any part of the land sa held in partnership.
Because, therefore, ¡I does not appear that the executors possessed any power to convey the land in contest, the court below must have decreed correctly in rendering judgment against the plaintiff.
The judgment must be affirmed with cost.